**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SUSAN FRENCH, as PARENT and NATURAL GUARDIAN of Z.F., a minor,<br><br>Plaintiff,<br><br>v.<br><br>ROBLOX CORPORATION, EPIC GAMES, INC., MICROSOFT CORPORATION, MOJANG AB and JOHN DOES 1-50,<br><br>Defendants. | Civil Action No. 2:25-cv-05306-MRP<br><br>Hon. Mia Roberts Perez |

**DEFENDANT ROBLOX CORPORATION'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL PLAINTIFF TO ARBITRATION AND STAY PROCEEDINGS**

## I. INTRODUCTION

Plaintiff does not dispute the essential facts establishing an enforceable arbitration agreement. Plaintiff admits that Plaintiff created a Roblox account and continues to use the Roblox Platform—even after filing the Complaint purporting to disaffirm the Terms. Instead, Plaintiff rests on technical arguments about attribution that find no support in Pennsylvania law, mischaracterizes binding precedent, and seeks to avoid the obligations of the Terms while continuing to enjoy their benefits. The Court should reject these arguments and compel arbitration.

## II. ARGUMENT

Roblox has established that an enforceable arbitration agreement exists, and Plaintiff has offered no evidence to rebut this showing. Even if Plaintiff's minority rendered the agreement voidable, Plaintiff's continued use of the Platform after their purported disaffirmance renders that disaffirmance ineffective—and in any event, Plaintiff's disaffirmation defense is delegated to the arbitrator. To the extent Z.F.'s Responsible Adult agreed to the Terms, that agreement binds Z.F. directly, and Z.F. is also independently bound as a third-party beneficiary of the Terms.

### A. Roblox Has Established an Agreement's Existence

Roblox has provided sufficient evidence of an arbitration agreement between Roblox and Plaintiff. Plaintiff fails to rebut this evidence, warranting arbitration.

#### 1. Roblox Has Established that Plaintiff Agreed to the Terms

Roblox has provided sufficient evidence of an arbitration agreement between Roblox and Plaintiff Z.F. under the summary judgment standard governing this motion. *See Singh v. Uber Techs. Inc.*, 939 F.3d 210, 216 (3d Cir. 2019). As set forth in the Jit Declaration, Plaintiff's counsel provided Roblox with identifying information for Plaintiff, which Roblox matched in its records to Plaintiff's Account. Jit Decl. ¶ 6. Plaintiff alleges that they played and continue to play Roblox, *see, e.g.*, Compl. ¶¶ 14, 432, and Plaintiff does not dispute that users cannot play Roblox without

creating an account and agreeing to the Terms. *Id.* ¶ 96; Jit Decl. ¶ 10. Roblox's records show each instance Plaintiff's Account agreed to the Terms, including through multiple purchases of Robux, and Roblox provided evidence of all versions of the Terms to which Plaintiff's Account agreed in their entirety. *See* Jit Decl. Exs. 1-5.[1]

Courts considering substantially identical allegations to those in the Complaint have compelled arbitration in the face of this type of evidence. *See Courtright v. Epic Games, Inc.*, 766 F. Supp. 3d 873, 892, 895 (W.D. Mo. 2025) (compelling arbitration where plaintiff admitted minor used platform, thereby conceding account creation and agreement to terms containing arbitration clause); *Antonetti v. Activision Blizzard, Inc.*, 764 F. Supp. 3d 1309, 1319-20 (N.D. Ga. 2025) (finding plaintiff necessarily accepted arbitration provisions by continuing to play Fortnite after being presented with terms); *Orellana v. Roblox Corp.*, 769 F. Supp. 3d 1273, 1283 (M.D. Fla. 2025) (compelling arbitration where plaintiff's allegations established that minors created accounts, which required acceptance of terms and conditions). Courts have likewise compelled arbitration under Roblox's Terms with similar evidence. *See Garcia v. Roblox Corp.*, No. 25-cv-03476, ECF No. 50 at 8-10 (C.D. Cal. Feb. 11, 2026) (compelling arbitration where plaintiffs' own allegations established account creation and use of platform, and finding sign-in wrap agreement provided reasonably conspicuous notice of arbitration clause; rejecting disaffirmation in light of continued use).

Pennsylvania law further supports Roblox's position. Plaintiff's Opposition cites

[1] Discovery regarding unconscionability is not warranted. Plaintiff argues that Roblox "selectively presented only portions of the Terms of Use," Opp. at 19-20, but the Jit Declaration attaches the Terms in their entirety. Plaintiff's unconscionability argument is thus waived. *Dreibelbis v. Scholton*, 274 F. App'x 183, 185 (3d Cir. 2008) (argument waived where plaintiff "had ample opportunity to make this argument in response to defendants' motion … and failed to do so."). It is also delegated to the arbitrator. *Steinberg v. Capgemini Am., Inc.*, No. CV 22-489, 2022 WL 3371323, at *3 (E.D. Pa. Aug. 16, 2022) (applying delegation clause to unconscionability claims).

Pennsylvania's Uniform Electronic Transactions Act ("UETA") to argue that Roblox has not established that it was Plaintiff who accepted the agreement. *See* Opp. at 5-6 (citing 73 P.S. § 2260.305(a)). But the UETA also validates clickwrap agreements, expressly stating that a contract may be formed by electronic interaction and that such agreements are enforceable where the website owner can show that access required clicking an "I Agree" button. UETA, 73 P.S. § 2260.310(2); *id*. cmnts. 2-3.[2] So too here. Plaintiff could only have played Roblox by agreeing to the Terms, so the resulting clickwrap agreement is properly attributed to Plaintiff.

### 2. <u>Plaintiff Fails to Present Evidence Rebutting the Agreement</u>

Plaintiff does not dispute any of those facts. Instead, Plaintiff's argument rests on the premise that Roblox has not established that Z.F. or their Responsible Adult used the Account—which Plaintiff's counsel identified as belonging to Plaintiff—to agree to the Terms. Opp. at 6-9. This fails to create a genuine issue of material fact sufficient to avoid arbitration.

Because Roblox offered evidence of an enforceable agreement, Plaintiff must present affirmative evidence to defeat summary judgment. *See Est. of Smith v. Marasco*, 318 F.3d 497, 514 (3d Cir. 2003). Plaintiff's conclusory statement that Roblox has not established an agreement is insufficient to create an issue of material fact. *Pricharda v. Checkr, Inc.*, No. 22-cv-3180, 2022 WL 16749033, at *4 (E.D. Pa. Nov. 7, 2022) (compelling arbitration and rejecting conclusory denial of agreement); *Antonetti*, 764 F. Supp. 3d at 1319 (the plaintiff's "conclusory assertions that the Defendants' motions must fail because it has not presented evidence that he actually agreed to the [terms] … does not create a 'genuine' dispute of material fact"). Indeed, the court in *Garcia* rejected this exact argument as "wholly unpersuasive" and "intellectually dishonest" where—like Plaintiff did here—the plaintiffs "allege[d] in their own complaint that they created accounts …

[2] Indeed, Pennsylvania courts have routinely compelled arbitration under clickwrap agreements after the UETA's enactment in 2000. *See* Mot. at 9-10 (collecting cases).

and produced the relevant usernames of those accounts in discovery to Defendants." No. 25-cv-03476, ECF No. 50 at 8 n.3.

Plaintiff's Opposition attaches two cases as exhibits that do not affect the outcome here. In *Murphy v. Roblox Corp.*, No. 23-cv-1940, 2025 WL 2327100, at *5 (S.D. Cal. July 9, 2025), the plaintiff presented evidence to argue affirmatively that they did not agree to Roblox's Terms. Plaintiff provides none here. And in *John Doe v. Roblox Corp., et al.*, No. 25-CIV-01193, at *4 (Cal. Super. Ct. Aug. 15, 2025) (unpublished),[3] the court—in interpreting a different entity's terms of use—held that further discovery on contract formation was required before deciding the motion. Here, Roblox's declaration—which Plaintiff does not meaningfully contest—clearly establishes that Plaintiff Z.F. is bound to the Terms. *See supra* § II.A.1.

Furthermore, as explained below, Plaintiff's arguments rest on a distinction without a difference. Regardless of whether the agreement is between Roblox and Plaintiff Z.F. or Roblox and Plaintiff's Responsible Adult, Plaintiff is bound to the Terms. *See infra* §§ II.B-C. Accordingly, nothing prevents this Court from compelling arbitration.[4]

**B. <u>The Agreement Is Enforceable</u>**

The agreement between Roblox and Plaintiff Z.F. is enforceable. Plaintiff repeatedly characterizes the agreement as "invalid," which conflates the concepts of validity and nullity. Opp. at 17-18. Under Pennsylvania law, contracts with minors are voidable, not void, meaning the contract remains enforceable until and unless the minor disaffirms. *Aetna Cas. & Sur. Co. v. Duncan*, 972 F.2d 523, 526 (3d Cir. 1992) (holding contracts of minors are voidable by the minor,

[3] Under California Rules of Court 8.1115, unpublished California superior court dispositions are non-precedential and not citable in subsequent cases.

[4] If, however, the Court has any doubts, it should allow discovery limited to the issue of contract formation before ruling on Roblox's motion. Opp. at 9; *see Checchia v. SoLo Funds, Inc.*, 771 F. Supp. 3d 594, 613 (E.D. Pa. 2025) (court may proceed to trial on arbitration agreement formation where genuine dispute exists).

not void ab initio).

### 1. Plaintiff's Purported Disaffirmance Is Ineffective and Delegated to the Arbitrator

Because Plaintiff's purported disaffirmance is ineffective, their agreement with Roblox remains enforceable. Plaintiff does not contest that they continue to use and access the Roblox Platform. *See* Opp. at 19. Instead, Plaintiff argues that Pennsylvania law allows for disaffirmation after the benefits of a contract have been obtained. *Id*. at 18-19. But none of Plaintiff's cases addresses the situation here—where a plaintiff continues to accept the benefit after their purported disaffirmance. *See id.* Plaintiff cannot disaffirm the burdens of the Terms while continuing to accept their benefits. Mot. at 14-15; *Aetna*, 972 F.2d at 526 (the disaffirmation doctrine is "a shield for defense, not a sword for offense") (quoting *Pankas v. Bell*, 198 A.2d 312, 315 (1962)).

However, the Court need not decide this issue because Plaintiff's purported disaffirmance is delegated to the arbitrator. Plaintiff argues that disaffirmance is properly before this Court because "if a plaintiff challenges the validity or existence of the alleged contract in its entirety, any clause within that contract delegating a dispute to an arbitrator would be little more than an end-run around the threshold requirement that the trial court decide whether a contract to arbitrate ever existed in the first instance." Opp. at 16. This argument runs headlong into United States Supreme Court precedent. *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 72 (2010) (challenges to agreement as a whole are delegated to arbitrator; only specific challenges to delegation clause itself are for court to decide). Indeed, Plaintiff itself acknowledges that courts cannot decide threshold questions of arbitrability unless a party specifically challenges the delegation clause. Opp. at 16 (citing *Singh v. Uber Techs. Inc.*, 939 F.3d 210, 215 (3d Cir. 2019)). Plaintiff does not—and cannot—argue that their purported disaffirmance is a defense to the delegation clause specifically. Accordingly, this issue is delegated to the arbitrator.

**2. Equitable Estoppel Independently Requires Enforcement of the Arbitration Agreement**

Plaintiff also cannot avoid the Terms due to equitable estoppel. Plaintiff contends that Roblox failed to establish detrimental reliance. Opp. at 19. But there is no detriment or harm requirement to invoke this version of equitable estoppel—all Roblox must show is that Plaintiff directly benefitted from the agreement. *See, e.g.*, *Clay v. First Nat'l Bank*, 334 A.3d 389, at *3 (Pa. Super. Ct. Jan. 21, 2025) (compelling arbitration on estoppel grounds where plaintiff sought to enforce beneficial portions of agreement while avoiding its burdens with no separate analysis of detriment requirement); Mot. at 15-16; *see also Flintkote Co. v. Aviva PLC*, 769 F.3d 215, 220 (3d Cir. 2014) (discussing direct benefits estoppel as distinct from estoppel requiring showing of detrimental reliance).

Plaintiff concedes that they benefitted and continues to benefit from the Terms. Opp. at 19 (Plaintiff's continued play of Roblox is "undoubtedly a 'benefit' received by Z.F."). Accordingly, estoppel independently warrants arbitration of Plaintiff's claims.

**C. Plaintiff Is Also Bound By Their Responsible Adult's Agreement to Arbitrate**

Plaintiff is bound to the Terms whether the Responsible Adult agreed on Plaintiff's behalf, or whether Plaintiff is a third-party beneficiary of the Responsible Adult's agreement with Roblox.

**1. Plaintiff's Responsible Adult Agreed to the Terms on Z.F.'s Behalf**

To the extent Z.F.'s Responsible Adult agreed to the Terms, she did so on Z.F.'s behalf, binding Z.F. to the Terms with Roblox. Mot. at 10. This outcome is unchanged by *Santiago v. Philly Trampoline Park, LLC*, 343 A.3d 995 (Pa. 2025). Plaintiff attempts to cast *Santiago* as rooted in "long-standing precedent" by citing Pennsylvania caselaw preventing a parent from releasing a child's substantive legal claim in its entirety. Opp. at 13-14. That is not the case here. Courts nationwide—including the U.S. Supreme Court—have recognized that arbitration is akin

to forum selection and does not waive substantive rights. *See, e.g.*, *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 653 (2022) ("An arbitration agreement … does not alter or abridge substantive rights; it merely changes how those rights will be processed."); *Glob. Travel Mktg., Inc. v. Shea*, 908 So.2d 392, 403 (Fla. 2005) (distinguishing forum selection from substantive claim waiver); Mot. at 14 (collecting cases); *see also Morrow v. Norwegian Cruise Line Ltd.*, 262 F. Supp. 2d 474, 476 (M.D. Pa. 2002) (enforcing forum selection clause against minor child).

*Santiago* not only departed from this consensus—it violated the FAA by basing its holding on its express characterization of arbitration as a forum "devoid of judicial protection" that "strips the minor" of procedural protections. 343 A.3d at 1014. That flatly contradicts the Supreme Court's articulation in *Viking River*, *supra*, and makes plain that *Santiago* must be preempted as a "categorical rule prohibiting arbitration of a particular type of claim," which is "contrary to the terms and coverage of the FAA." *Marmet Health Care Ctr., Inc. v. Brown*, 565 U.S. 530, 533 (2012); Mot. at 11-13.

### 2. Plaintiff's Responsible Adult's Agreement is Enforceable Against Plaintiff as a Third-Party Beneficiary

Plaintiff is bound to arbitration as a third-party beneficiary of the agreement between Roblox and Plaintiff's Responsible Adult. Mot. at 11. Plaintiff does not meaningfully address this argument, except to assert that Roblox's cited third-party beneficiary cases involve adults. Opp. at 13 n.5. But Plaintiff's status as a minor child does not change the result. Plaintiff cites no Pennsylvania authority refusing to apply the third-party beneficiary doctrine to minors or a party with any other legal disability.

## III. CONCLUSION

The Court should order Plaintiff to arbitrate their claims and stay this action.

Dated: March 30, 2026

By: /s/ *Jay E. Kagan*
Jay E. Kagan

DILWORTH PAXSON LLP
Jay E. Kagan, Esquire
John J. Higson, Esquire
1650 Market Street, Suite 1200
Philadelphia, PA 19103
Tel: (215) 575-7000
jkagan@dilworthlaw.com
jhigson@dilworthlaw.com

ORRICK, HERRINGTON & SUTCLIFFE LLP
David P. Fuad (*pro hac vice*)
John P. Badalich (*pro hac vice*)
355 South Grand Avenue
Suite 2700
Los Angeles, CA 90071-1596
Tel: (213) 629-2020
dfuad@orrick.com
jbadalich@orrick.com

Behnam Dayanim (*pro hac vice*)
2100 Pennsylvania Avenue N.W.
Washington, D.C. 20037
Tel: (202) 339-8400
bdayanim@orrick.com

*Attorneys for Defendant*
*Roblox Corporation*

**CERTIFICATE OF SERVICE**

I, Jay E. Kagan, Esquire, hereby certify that on the 30th day of March, 2026, I caused the foregoing Defendant Roblox Corporation's Reply Memorandum of Law in Support of Motion to Compel Plaintiff to Arbitration and Stay Proceedings to be electronically filed with the court, made available for viewing and download, and electronically served by the CM/ECF System upon all consenting counsel of record.

Dated: March 30, 2026

*/s/ Jay E. Kagan*
Jay E. Kagan