**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

SUSAN FRENCH, as PARENT and NATURAL GUARDIAN of Z.F., a minor,

Plaintiff,

v.

ROBLOX CORPORATION, EPIC GAMES, INC., MICROSOFT CORPORATION, MOJANG AB and JOHN DOES 1–50,

Defendants.

Case No. 2:25-cv-05306
Hon. Mia Roberts Perez

**DEFENDANTS MICROSOFT CORPORATION AND MOJANG AB'S REPLY IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL ARBITRATION AND STAY LITIGATION**

## TABLE OF CONTENTS

Page

INTRODUCTION ..... 1

ARGUMENT ..... 1

A. Microsoft Defendants Have Established French's and Z.F.'s Assent ..... 1

B. Miller Does Not Invalidate French's or Z.F.'s Assent ..... 3

C. Z.F. is Further Bound by Equitable Estoppel and as a Third-Party Beneficiary ..... 5

D. There Is No Basis to Grant Discovery ..... 6

CONCLUSION ..... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apicella v. Valley Forge Mil. Acad. & Junior Coll.*,
630 F. Supp. 20 (E.D. Pa. 1985) ....................4

*Arnold v. Owensboro Health Facilities*,
2016 WL 502061 (W.D. Ky. Feb. 8, 2016) ....................7

*AT&T Mobility LLC v. Concepcion*,
563 U.S. 333 (2011) ....................4

*AT&T Mobility Servs. v. Payne*,
2018 WL 476163 (W.D. Ky. Jan. 18, 2018) ....................7

*Babcock Power, Inc. v. Kapsalis*,
2019 WL 1518166 (W.D. Ky. Apr. 8, 2019) ....................1

*C.M.D. v. Facebook, Inc.*,
2014 WL 1266291 (N.D. Cal. Mar. 26, 2014) ....................6

*Courtright v. Epic Games, Inc.*,
766 F. Supp. 3d 873 (W.D. Mo. 2025) ....................6

*Creason v. Experian Info. Sols., Inc.*,
722 F. Supp. 3d 760 (W.D. Ky. 2024) ....................2

*Dagnan v. St. John's Mil. Sch.*,
2016 WL 7386280 (D. Kan. Dec. 21, 2016) ....................4

*E.K.D. ex rel. Dawes v. Facebook, Inc.*,
885 F. Supp. 2d 894 (S.D. Ill. 2012) ....................6

*Energy Home, Div. of S. Energy Homes, Inc. v. Peay*,
406 S.W.3d 828 (Ky. 2013) ....................5

*Flintkote Co. v. Aviva PLC*,
769 F.3d 215 (3d Cir. 2014) ....................5

*G.G. v. Valve Corp.*,
2017 WL 1210220 (W.D. Wash. Apr. 3, 2017) ....................6

*Glob. Travel Mktg., Inc. v. Shea*,
908 So. 2d 392 (Fla. 2005) ....................4

*Gray v. Midland Funding*,
2017 WL 1293995 (W.D. Ky. Apr. 4, 2017) .....7

*HealthplanCRM, LLC v. AvMed, Inc.*,
458 F. Supp. 3d 308 (W.D. Pa. 2020) .....5

*Hojnowski v. Vans Skate Park*,
901 A.2d 381 (N.J. 2006) .....3

*Javitch v. First Union Sec., Inc.*,
315 F.3d 619 (6th Cir. 2003) .....5

*Kindred Nursing Centers v. Clark*,
581 U.S. 246 (2017) .....4

*Ky. Prot. and Advoc. v. White*,
2026 WL 788685 (E.D. Ky. Mar. 20, 2026) .....6

*Litman v. Cellco P'ship*,
655 F.3d 225 (3d Cir. 2011) .....4

*Markert v. PNC Fin. Servs. Grp.*,
828 F. Supp. 2d 765 (E.D. Pa. 2011) .....7

*MHC Kenworth-Knoxville/Nashville v. M & H Trucking, LLC*,
392 S.W.3d 903 (Ky. 2013) .....2

*Miller as Next Friend of E.M. v. House of Boom Kentucky, LLC.*,
575 S.W.3d 656 (Ky. 2019) .....3, 4

*Mitchell by and through Fee v. Mitchell*,
963 S.W.2d 222 (Ky. App. 1998) .....6

*Mueller v. Ragsdale*,
165 S.W. 404 (Ky. 1914) .....5

*Olshan Found. Repair & Waterproofing v. Otto*,
276 S.W.3d 827 (Ky. Ct. App. 2009) .....5

*Petco Animal Supplies Stores, Inc. v. Fields*,
2023 WL 3134671 (Ky. Ct. App. Apr. 28, 2023) .....2

*Romanov v. Microsoft Corp.*,
2021 WL 3486938 (D.N.J. Aug. 9, 2021) .....2

*Santiago v. Philly Trampoline Park, LLC*,
291 A.3d 1213 (Pa. Super. Ct. 2023) .....6

*Santiago v. Philly Trampoline Park, LLC*,
343 A.3d 995 (Pa. 2025) ....................4, 6

*Simensky v. Experian Info. Sols., Inc.*,
2025 WL 3754509 (3d Cir. Dec. 29, 2025) ....................3, 7

*Simmons by Grenell v. Parkette Nat. Gymnastic Training Ctr.*,
670 F. Supp. 140 (E.D. Pa. 1987) ....................4

*In re StockX Customer Data Sec. Breach Litig.*,
19 F.4th 873 (6th Cir. 2021) ....................2

*Troshak v. Terminix Int'l Co., L.P.*,
1998 WL 401693 (E.D. Pa. July 2, 1998) ....................4

*Troxel v. Granville*,
530 U.S. 57 (2000) ....................4

*United States v. Sandridge*,
385 F.3d 1032 (6th Cir. 2004) ....................7

*Viking River Cruises, Inc. v. Moriana*,
596 U.S. 639 (2022) ....................3

*Williams v. Red Stone, Inc.*,
2019 WL 9104166 (E.D. Pa. Mar. 25, 2019) ....................7

**Statutes**

Federal Arbitration Act, 9 U.S.C. §§ 1–16 ....................4

Ky. Rev. Stat. Ann. § 369.101 *et seq.* ....................2

Ky. Rev. Stat. Ann. § 371.010 ....................6

**Other Authorities**

3 Williston on Contracts § 7:14 (4th ed.) ....................5

## INTRODUCTION

In their opening brief, Microsoft and Mojang ("Microsoft Defendants") established that French and Z.F. should be compelled to arbitrate this dispute under the Microsoft Services Agreement ("MSA") and well-settled doctrines of direct assent, equitable estoppel, and third-party beneficiary. Plaintiff does not and cannot rebut any of this. Instead, Plaintiff manufactures an unsupported evidentiary standard, relies on inapplicable case law, and misapprehends the relevant authority. Nothing in Plaintiff's Opposition obviates Microsoft Defendants' right to arbitration.

## ARGUMENT

### A. Microsoft Defendants Have Established French's and Z.F.'s Assent.

Plaintiff argues that the Court cannot know who accepted the MSA by creating and using the "[redacted]"[1] accounts. That is not the test. Under Kentucky law, courts apply a preponderance of the evidence standard in assessing contract formation. *See Babcock Power, Inc. v. Kapsalis*, 2019 WL 1518166, at *2 (W.D. Ky. Apr. 8, 2019), *aff'd*, 854 F. App'x 1 (6th Cir. 2021). Microsoft Defendants have more than satisfied that standard. Plaintiff herself identified "[redacted]" as a gamertag used by Z.F. Tulante Decl. ¶ 3. The email and physical address on the associated Xbox and Microsoft accounts both reference French by name. Abbott Decl. ¶ 7(a); Scari Decl. ¶ 10(a). The date of birth on the accounts is also consistent with French's. Abbott Decl. ¶ 7(a); Scari Decl. ¶ 10(a); Supplemental Declaration of Sozi Pedro Tulante ("Supp. Tulante Decl.") ¶ 4. Z.F.'s use of the Xbox account is substantiated by recent gameplay and transactions exclusively in Z.F.'s name. Abbott Decl. ¶ 7(a). In sum, Microsoft Defendants have shown by a preponderance of the evidence that: (1) French created the "[redacted]" accounts, agreeing to the

---

[1] In their opening Brief, Microsoft Defendants inadvertently referred to the "[redacted]" gamertag as "[redacted]". The Abbott and Tulante Declarations, as well as this Reply, use the correct gamertag ("[redacted]") provided by Plaintiff and reflected in Microsoft's records, which Plaintiff does not dispute.

MSA on Z.F.'s behalf; (2) Z.F. agreed to the MSA to continue accessing Xbox services after August 1, 2015; and (3) Z.F. continues to use the accounts following notifications of MSA updates.[2]

Plaintiff offers nothing contradictory: no contrary evidence, not even a sworn denial, to suggest to this Court that anyone other than French created these accounts or that anyone other than Z.F. used them. The Moyle and McBride declarations do not suffice. Moyle's opinion—that Microsoft Defendants failed to show that any particular person accepted the MSA—cannot supplant the *legal* determination of the Court, nor does it constitute competent *factual* evidence. Plaintiff barely develops McBride's argument that Z.F. could not have understood the MSA (which has no bearing on French's assent), likely because courts have recognized the MSA as "simple, clear, understandable and easily readable." *Romanov v. Microsoft Corp.*, 2021 WL 3486938, at *4, *6 (D.N.J. Aug. 9, 2021) (compelling arbitration under the MSA based on user's assent during account creation and following receipt of update notifications).

Plaintiff's unsupported assertion that Microsoft Defendants have not met their prima facie burden "is not evidence" and fails to meet their "heavy burden" to rebut Microsoft Defendants' showing. *MHC Kenworth-Knoxville/Nashville v. M & H Trucking, LLC*, 392 S.W.3d 903, 906 (Ky. 2013). The two unpublished California cases on which Plaintiff relies to argue that Microsoft Defendants must "actually prove" who clicked the button to demonstrate agreement, Opp. at 6–8,

[2] Kentucky's Uniform Electronic Transactions Act ("UETA"), Ky. Rev. Stat. Ann. § 369.101 *et seq.*, only reinforces this approach. The UETA, which "must be construed and applied" to "facilitate electronic transactions," *id.* § 369.106, states that an "electronic signature is attributable to a person if it was the act of the person," which "may be shown in *any manner*." *Id.* § 369.109(1) (emphasis added). *Friedmann v. Jefferson Cnty. Bd. of Educ.*, a case addressing what the UETA "means in conjunction with" statutory requirements for voter recall petitions, is inapposite. 647 S.W.3d 181, 189 (Ky. 2022). Since *Friedmann*, Kentucky courts have continued to apply longstanding contract formation principles to assess clickwrap and arbitration agreements. *See, e.g.*, *Creason v. Experian Info. Sols., Inc.*, 722 F. Supp. 3d 760, 764 (W.D. Ky. 2024) (recognizing validity of assent by "clicking 'I agree'"); *Petco Animal Supplies Stores, Inc. v. Fields*, 2023 WL 3134671, at *2 (Ky. Ct. App. Apr. 28, 2023) (acknowledging UETA and concluding that employee's click of "Accept" constituted assent to arbitration through "electronic signature").

do not compel a different result. *See, e.g.*, *In re StockX Customer Data Sec. Breach Litig.*, 19 F.4th 873, 882 (6th Cir. 2021) (affirming grant of motion to compel arbitration because "conclusory assertion" that there were questions as to plaintiff's agreement did not create factual dispute); *see also Simensky v. Experian Info. Sols., Inc.*, 2025 WL 3754509, at *3 (3d Cir. Dec. 29, 2025) (reversing denial of motion to compel arbitration because mere "[s]peculation that someone else *may* have used [plaintiff's] credentials to open an account does not pass muster"). What's more, unlike those cases, Microsoft Defendants have pointed to: accounts *verified by Plaintiff*; account information linked to Plaintiff and Z.F.; and Plaintiff's failure to present *any* contrary evidence or even explain who else could have created or used the accounts.

**B. Miller Does Not Invalidate French's or Z.F.'s Assent.**

This conclusion is not altered by dicta from the Kentucky Supreme Court in *Miller as Next Friend of E.M. v. House of Boom Kentucky, LLC.*, 575 S.W.3d 656 (Ky. 2019), that parents cannot bind their children to contracts. The only issue in *Miller* was "whether a parent has the authority to enter into an exculpatory agreement on their child's behalf, negating *any* opportunity for a tort claim." *Id.* at 660 (emphasis added). *Miller* did not reach the question of whether parents can bind their children to arbitration agreements, and no Kentucky court since *Miller* has extended its holding to reach that issue. Indeed, other courts have long recognized that public policy *favors* arbitration, which does not implicate substantive rights. *See, e.g.*, *Hojnowski v. Vans Skate Park*, 901 A.2d 381, 391 (N.J. 2006) (differentiating liability waiver from arbitration clause because "public policy favors the arbitration of disputes"); *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 653 (2022) ("[A]n arbitration agreement is a specialized kind of forum-selection clause," which "does not alter or abridge substantive rights[.]" (quotations omitted)). *Miller* also did not involve or address a minor's direct, independent assent, as this case does.

In any event, Plaintiff's proposition—that Kentucky courts would treat an arbitration clause as the equivalent of a total waiver of rights—would violate the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, and reflect the "disfavor[ing]" of arbitration the FAA forbids. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 341 (2011). While such a rule might appear to be facially neutral in applying to all such waivers of rights, the very lumping of arbitration agreements into this category reveals an impermissible "hostility to arbitration." *Kindred Nursing Centers v. Clark*, 581 U.S. 246, 254 (2017) (FAA preempts Kentucky rule singling out arbitration agreements by imposing heightened requirements for waiver of the right to a jury trial). Plaintiff's argument cannot be squared with federal law, and the Court should reject it. *See Litman v. Cellco P'ship*, 655 F.3d 225, 231–32 (3d Cir. 2011) ("endors[ing] the District Court's decision to reject" New Jersey Supreme Court ruling as "preempted by the FAA").

Extending *Miller* to arbitration clauses—which, unlike liability waivers, do not "quash the[] child's potential tort claim," 575 S.W.3d at 661—would also violate the Fourteenth Amendment parental rights recognized in *Troxel v. Granville*, 530 U.S. 57 (2000), by substituting the judgment of courts for that of fit parents as to the proper forum for their child's claims. *See Glob. Travel Mktg., Inc. v. Shea*, 908 So. 2d 392, 404 (Fla. 2005) (parents have constitutional authority to "elect on their children's behalf to agree in advance to arbitrate a resulting tort claim"); *Dagnan v. St. John's Mil. Sch.*, 2016 WL 7386280, at *7 (D. Kan. Dec. 21, 2016) (parent's agreement on son's behalf to arbitrate with school "falls under the umbrella of [parent's] fundamental liberty interest in the 'care, custody and control' of his son").[3]

---

[3] Plaintiff's reliance on *Santiago v. Philly Trampoline Park, LLC*, 343 A.3d 995 (Pa. 2025), is also misplaced. *Santiago* is not the law in Kentucky, and it goes further than *Miller* in disfavoring arbitration and offending parental rights. *See id.* at 1016 (Brobson, J., dissenting in part) (majority disfavors arbitration and "forecloses" parents from ever choosing arbitration as a forum for their child's claims). Notably, the cases Plaintiff relies on to buttress *Santiago* were all decided decades before *Concepcion* and its interpretation of the FAA. *See Apicella v. Valley Forge Mil. Acad. & Junior Coll.*, 630 F. Supp. 20 (E.D.

### C. Z.F. is Further Bound by Equitable Estoppel and as a Third-Party Beneficiary.

Microsoft Defendants have also shown that Z.F. is bound under equitable estoppel and third-party beneficiary principles. Plaintiff ignores this authority, instead discussing an entirely different species of equitable estoppel involving inducement and detrimental reliance. *See Flintkote Co. v. Aviva PLC*, 769 F.3d 215, 220 (3d Cir. 2014) (distinguishing equitable estoppel based on direct benefit from equitable estoppel based on detrimental reliance). Equitable estoppel based on direct benefit applies when "the nonsignatory seeks a *direct* benefit from the contract while disavowing the arbitration provision." *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 629 (6th Cir. 2003). Z.F.'s decision to continue seeking benefits under the MSA "brings with it the obligation to resolve disputes in accordance with the [MSA's] terms." *Olshan Found. Repair & Waterproofing v. Otto*, 276 S.W.3d 827, 832 (Ky. Ct. App. 2009); *see also Energy Home, Div. of S. Energy Homes, Inc. v. Peay*, 406 S.W.3d 828, 837 (Ky. 2013) (applying equitable estoppel to bind non-signatory accepting benefits under agreement but seeking to avoid its arbitration clause); *HealthplanCRM, LLC v. AvMed, Inc.*, 458 F. Supp. 3d 308, 329 (W.D. Pa. 2020) (use of software conditioned on acceptance of agreement constituted "direct benefit" justifying equitable estoppel).

These equitable principles also invalidate Z.F.'s purported disaffirmance. *See Mueller v. Ragsdale*, 165 S.W. 404, 405 (Ky. 1914) (explaining that minors cannot "disaffirm that part of a contract which has become distasteful" while "ratify[ing] the residue"); 3 Williston on Contracts § 7:14 (4th ed.) ("A minor may not retain the benefits of a contract and, at the same time, try to repudiate its obligations under the agreement." (collecting cases)). Plaintiff cites cases where a minor's past receipt of contract benefits, or inability to return benefits received, did not defeat disaffirmance. But Z.F. has not merely received past benefits—Z.F. seeks to disaffirm while

Pa. 1985); *Simmons by Grenell v. Parkette Nat. Gymnastic Training Ctr.*, 670 F. Supp. 140 (E.D. Pa. 1987); *Troshak v. Terminix Int'l Co., L.P.*, 1998 WL 401693 (E.D. Pa. July 2, 1998).

continuing to actively use Microsoft services (1) after receiving notice of the MSA during account creation and via update notifications, (2) after Plaintiff filed this suit, and (3) after opposing the pending Motion to Compel Arbitration.[4] Such selective disaffirmance is ineffective—the law does not allow Z.F. to continue reaping the benefits of the MSA while cherry-picking which provisions they would like not to apply. *See Courtright v. Epic Games, Inc.*, 766 F. Supp. 3d 873, 897 (W.D. Mo. 2025) (disaffirmance ineffective where minor continued using services); *E.K.D. ex rel. Dawes v. Facebook, Inc.*, 885 F. Supp. 2d 894, 900 (S.D. Ill. 2012) (same); *G.G. v. Valve Corp.*, 2017 WL 1210220, at *3 (W.D. Wash. Apr. 3, 2017), *aff'd in relevant part, vacated on other grounds*, 799 F. App'x 557 (9th Cir. 2020) (same); *C.M.D. v. Facebook, Inc.*, 2014 WL 1266291, at *4 (N.D. Cal. Mar. 26, 2014), *aff'd*, 621 F. App'x 488 (9th Cir. 2015) (same).[5]

**D. There Is No Basis to Grant Discovery.**

Plaintiff is wrong: Discovery is *not* necessary to "prove who took the actions that supposedly bind Z.F." or "fully consider the unconscionability of the MSA." Opp. at 11, 20. Plaintiff contends that courts may permit arbitration discovery where a party demonstrates that

---

[4] Plaintiff faults Microsoft for "taking no action whatsoever" to close Z.F.'s accounts, Opp. at 20, but this has nothing to do with whether Plaintiff and Z.F. are bound by the MSA's arbitration provision. And in any event, it simply isn't true. After Plaintiff filed the Complaint, Microsoft sent two letters to Plaintiff's counsel, on December 3, 2025, and February 2, 2026, asking whether Plaintiff would like Microsoft to close the Xbox accounts she alleges have led to Z.F.'s injuries. *See* Supp. Tulante Decl. ¶¶ 2–3. Plaintiff's counsel did not respond to either letter. *Id.* ¶ 4.

[5] "[A]lthough minors have the *privilege* of avoiding a contract once they reach maturity, Kentucky courts have long recognized that minors do possess the requisite *capacity* to enter into contracts." *Ky. Prot. and Advoc. v. White*, 2026 WL 788685, at *9 (E.D. Ky. Mar. 20, 2026) (citing *Mitchell by and through Fee v. Mitchell*, 963 S.W.2d 222, 223 (Ky. App. 1998)). As detailed above, Z.F.'s ongoing use of the services establishes that Z.F. did not disaffirm the MSA, and that its arbitration clause remains fully enforceable. Plaintiff pulls dicta from the Superior Court decision in *Santiago* to suggest that a minor's contract is void as a matter of law, Opp. at 11, ignoring the following sentence clarifying that such contracts are "voidable," not "void *ab initio*." *Santiago v. Philly Trampoline Park, LLC*, 291 A.3d 1213, 1224 (Pa. Super. Ct. 2023). Moreover, Z.F.'s ineffective disaffirmance is distinct from fully ratifying a contract "after reaching adulthood," which minor Z.F. cannot yet do. *Mitchell*, 963 S.W.2d at 223. Thus, Kentucky's statute of frauds, Ky. Rev. Stat. Ann. § 371.010(2), is inapplicable.

such discovery will enable them to rebut the motion but fails to identify *any* specific discovery that would enable her to do so. *Cf. Simensky*, 2025 WL 3754509, at *3 ("[A]s there is no factual dispute as to the existence of the agreement, discovery on the motion to compel is unwarranted." (citation omitted)); *Williams v. Red Stone, Inc.*, 2019 WL 9104166, at *3 (E.D. Pa. Mar. 25, 2019) (denying arbitration discovery as "improper" without factual predicate (citation omitted)). Microsoft Defendants have already provided information about the accounts used by Z.F. and the full text of every MSA since October 2012. *See* Scari Decl. Exs. A–L. There is no basis to grant discovery here. *Cf. Arnold v. Owensboro Health Facilities*, 2016 WL 502061, at *3 (W.D. Ky. Feb. 8, 2016); *AT&T Mobility Servs. v. Payne*, 2018 WL 476163, at *1 (W.D. Ky. Jan. 18, 2018); *Gray v. Midland Funding*, 2017 WL 1293995, at *6 (W.D. Ky. Apr. 4, 2017).[6]

## CONCLUSION

For the reasons stated above and those in their opening Brief, Microsoft Defendants respectfully ask the Court to compel all claims against them to arbitration and to stay this action pending the outcome of those proceedings.

DATED: March 30, 2026

Respectfully submitted,

*/s/ Sozi Pedro Tulante*

Sozi Pedro Tulante (PA ID 202579)
Julia Chapman (PA ID 315959)
Dechert LLP, 2929 Arch Street
Philadelphia, PA 19104-2808
Telephone: 215-994-2090
sozi.tulante@dechert.com
julia.chapman@dechert.com

*Attorneys for Defendants Microsoft Corporation and Mojang AB.*

[6] Without citing any pertinent authority or specific grounds, Plaintiff asserts that the MSA is unconscionable. Opp. at 20. Courts treat such "[t]hrow-away arguments" as waived, and this Court should do the same. *Markert v. PNC Fin. Servs. Grp.*, 828 F. Supp. 2d 765, 773 (E.D. Pa. 2011) (citation omitted); *see also United States v. Sandridge*, 385 F.3d 1032, 1035 (6th Cir. 2004).

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of March 2026, a copy of the foregoing document was served upon all counsel of record via the Court's electronic filing system.

*/s/ Sozi Pedro Tulante*
Sozi Pedro Tulante